| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK ASHLEY GRIFFIN, | ) | CASE NO. CR505-8 |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is the Government's "Motion Under Fed. R. Crim. P. 46(e)(3) for Judgment of Default Against Surety on Appearance Bond." (Doc. 51.) For the following reasons, the Government's Motion is **GRANTED**.

On March 3, 2005, Defendant Mark Ashley Griffin was charged with Possession with Intent to Distribute a Schedule II Controlled Substance and related offenses. At Defendant's bond recommendation hearing, Magistrate Judge Graham set bond at $25,000.00. The sum of $2,500.00 was posted in bail for Defendant and is currently on deposit with the Court.

On September 30, 2005, Defendant entered a guilty plea as to Count One of the indictment. On December 14, 2005, the Court sentenced Defendant to 110 months incarceration

and ordered him to report for service of his sentence on January 17, 2006. Defendant has failed to report.

On January 25, 2008, the Court granted the Government's Motion for Declaration of Forfeiture of Bail and declared the $2,500.00 in bail forfeited. The Court gave Defendant or his sureties a period of thirty days to show cause why the forfeiture of bail should be set aside.

On February 24, 2008, the Court received a letter from Defendant's mother, asking that the forfeiture be set aside. She states that he has not been in contact with her son since he fled and that she was the one who had called the police and prompted his arrest. She informs the Court that she suffers from serious medical conditions and requests a return of the $2,500.00 she posted as bail on behalf of her son.

The Court finds that Defendant's mother has failed to show good cause for the Court to set aside the forfeiture of bail. The Court is not inclined to set aside a forfeiture of bail under anything less than extraordinary circumstances. Defendant's mother has demonstrated no such extraordinary circumstances here.

Accordingly, it is **ORDERED** that a Judgment of Default against the surety and principal for the entire appearance

bond amount of $25,000.00 be entered. In addition, it is **ORDERED** that the $2,500.00 bail, previously forfeited by the Court's Order dated January 25, 3008, plus any lawful interest, be transferred to the Treasury of the United States.

SO ORDERED this 21ST day of March, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA